The Honorable Steve Luelf State Senator 521 W. Wade P.O. Drawer 447 Mountain Home, Arkansas 72653
Dear Senator Luelf:
This is in response to your request for an opinion concerning the provisions of A.C.A. 6-17-803. Specifically, subsection (b) of that statute provides as follows:
 (b)(1) Any contract entered into pursuant to this section whereby payments are to be made prior to the commencement of the teaching duties under such contract in the school year covered thereby shall contain a clause clearly setting forth the liability of any teacher who receives payments prior to the commencement of teaching duties and who refuses to perform under the terms of the contract.
 (2) Such clause shall be to the effect that any school teacher breaching such a contract shall be indebted to the school district for the amount of moneys received by him under the contract prior to the commencement of his teaching duties.
 (3) If any teacher fails to repay any money owed to a school district upon a contract breached by him, the secretary of the school district shall certify the failure to the Department of Education, and the Department of Education shall revoke such teacher's license to teach until all of the money is repaid.
You note that in a school district in your area a teacher was overpaid on August 1, and resigned on August 14. You also note that upon tendering his resignation, the teacher promised to repay the overpayment. The school district accepted his resignation, but now the former teacher refuses to repay the money. You characterize the issue as whether "the resignation constitutes a breach under the referenced statute and/or whether the failure to repay after promising to repay constitutes a breach under such statute such that the teacher's license can be revoked until repayment is made."
It is my opinion that the answer to this question would require the resolution of factual issues to which this office is not privy, and in any event, is not empowered to answer. The determination of whether a breach of contract has occurred must of necessity involve a review of all the surrounding facts and circumstances, and may in some instances require a finding as to disputed facts. The resolution of these factual matters must ultimately be reached by a factfinder.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.